# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>THREE RIVERS ICE CREAM SERVICE, INC.,<br><br>  Debtor.<br>NATALIE LUTZ CARDIELLO, Chapter 7 Trustee,<br><br>  Plaintiff,<br><br>  v.<br><br>PHYLLIS D. FREED, LLOYD G. FREED, JR., THOMAS D. FREED, and KEANE REFRIGERATED LOGISTICS, LLC,<br><br>  Defendants. | Bankr. Case No. 19-20631-CMB<br><br>Chapter 7<br><br>Adv. Pro. No. _____ |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 544, 548, AND 550**

Natalie Lutz Cardiello (the "Trustee" or "Plaintiff"), in her capacity as chapter 7 Trustee of the Estate of Three Rivers Ice Cream Service, Inc. (the "Debtor"), by and through the undersigned counsel, files this complaint (the "Complaint") to avoid and recover fraudulent transfers against Phyllis D. Freed, Lloyd G. Freed, Jr., Thomas D. Freed, and Keane Refrigerated Logistics, LLC. In support of this Complaint, Plaintiff hereby alleges upon belief that:

**NATURE OF THE CASE**

1. This adversary proceeding is commenced pursuant to Sections 544, 548, and 550 of Chapter 5 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), to avoid and recover certain fraudulent transfers of property made by the Debtor to the Defendant within the two (2) year period prior to the commencement of the Debtor's bankruptcy case.

**PARTIES**

2. Plaintiff, Natalie Lutz Cardiello (the "Trustee"), has been appointed to serve as the Chapter 7 Trustee in this matter. The Trustee maintains a business office at 107 Huron Drive, Carnegie, PA 15106.

3. The Debtor, Three Rivers Ice Cream Service, Inc. (the "Debtor"), is a Pennsylvania corporation having offices and place of business at 11676 Perry Highway, Suite 1100, Wexford, PA 15090. The Debtor no longer conducts business and is out of operation.

4. Defendant, Phyllis D. Freed ("P. Freed"), is an individual who resides at 3127 Devonshire Way, Palm Beach Gardens, FL 33418. P. Freed was a shareholder of the Debtor and served as a member of Debtor's Board of Directors up until her resignation on October 25, 2017.

5. Defendant, Lloyd G. Freed, Jr. aka Bud Freed ("L. Freed"), is an individual who resides at 928 Red Oak Drive, Pittsburgh, PA 15238. L. Freed was a shareholder of Debtor and served as a member of Debtor's Board of Directors.

6. Defendant, Thomas D. Freed ("T. Freed" and, together with P. Freed and L. Freed, the "Freed Defendants"), is an individual who resides at 5009 Grandiflora Road, Palm Beach Gardens, FL 33418. T. Freed was a shareholder of Debtor and served as a member of Debtor's Board of Directors.

7. Defendant, Keane Refrigerated Logistics, LLC ("Landlord" or "Keane", and, together with the Freed Defendants, the "Defendants"), is a Pennsylvania Limited Liability Company, having its principal place of business at 903 Gap Newport Pike, Avondale, PA 19311.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. § 1409. This adversary proceeding is a "core" proceeding to be heard and determined by this court pursuant to 11 U.S.C. § 157(b) (2).

9. In the event that any part of this adversary proceedings if found to be "noncore," the Trustee consents to the entry of final orders and judgments by this Court, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

10. The statutory and legal predicates for the relief sought herein are Sections 544, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**PROCEDURAL BACKGROUND**

11. On February 20, 2019 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") at Case Number 19-20631-CMB (the "Case").

12. On or about February 21, 2019, the Court appointed the Trustee.

13. The Trustee's duties include bringing claims to avoid and recover fraudulent transfers pursuant to sections 544, 548, and 550 of the Bankruptcy Code.

14. On or about December 12, 2019, the Court entered an Order authorizing the Employment of Kirk B. Burkley and Bernstein-Burkley, P.C., as Special Counsel to the Trustee ("Special Counsel") [Doc 27], to pursue litigation matters including recovery of accounts receivables and avoidance actions on behalf of the Trustee.

**FACTUAL BACKGROUND**

15. The Debtor is a company that was under the operation and control of the Freed Defendants at all times relevant hereto.

16. Prior to the Petition Date, the Debtor was in the business of distributing ice cream and frozen food products to retail outlets throughout the region.

17. In the ordinary course of business, the Debtor maintained business relationships with vendors, suppliers, distributors, and creditors.

18. As of February, 2017, approximately 75% of the Debtor's business consisted of purchases made from the Debtor by the grocery store chain, Giant Eagle.

19. On or around February 6, 2017, the Freed Defendants became aware that Giant Eagle intended to terminate its business relationship with Debtor.

20. Upon information and belief, the Freed Defendants were specifically advised that Giant Eagle would no longer purchase any products from the Debtor.

21. Upon learning that Giant Eagle would cease any future purchases from Debtor, the Freed Defendants knew or should have known that Debtor would be unable to continue business operations and would have to cease business operations.

22. Upon information and belief, the Debtor entered into an early termination agreement, the terms of which provided that Giant Eagle would no longer purchase any products from the Debtor on or after September 30, 2017.

23. At a meeting of the Board of Directors on October 25, 2017, the Freed Defendants authorized various transfers of substantially all of the cash and assets of the Debtor.

24. On or around November 14, 2017, the Debtor made a payment in the amount of $681,105.30 to P. Freed.

25. The payment to P. Freed was authorized by the Freed Defendants at the October 25, 2017 meeting of the Board of Directors.

26. On or around November 14, 2017, the Freed Defendants caused the Debtor to make a payment in the amount of $470,700.08 to L. Freed.

27. The payment to P. Freed was authorized by the Freed Defendants at the October 25, 2017 meeting of the Board of Directors.

28. The Debtor also transferred two life insurance policies with a combined cash surrender value of $70,000 to T. Freed and L. Freed.

29. These transfers were authorized by the Freed Defendants at the October 25, 2017 meeting of the Board of Directors.

30. Upon information and belief, the Debtor permitted Keane to retain equipment and assets in its former warehouse and/or failed to take reasonable steps to protect its equipment and assets.

31. The Debtor received no consideration for any of the equipment or assets in the possession of Keane.

32. During the two (2) years prior to the Petition Date, the Freed Defendants caused the Debtor to pay and or transfer the equivalent cash value to Defendants of at least $1,221,805.38 ("Section 548 Fraudulent Transfers").

33. During the four (4) years prior to the Petition Date, the Freed Defendants caused the Debtor to pay and or transfer equivalent cash value to Defendants of at least $1,221,805.38 ("State Law Fraudulent Transfers" and, together with the Section 548 Fraudulent Transfer, the "Fraudulent Transfers").

34. The Trustee believes and therefore avers that the Defendants caused Debtor to not receive reasonably equivalent value in exchange for the Fraudulent Transfers and accordingly, believes all such Fraudulent Transfers are avoidable pursuant to section 548 of the Bankruptcy Code and other applicable law.

35. During the course of this proceeding, the Trustee may learn of additional Fraudulent Transfers in which the Freed Defendants caused Debtor to make. It is the Trustee's intention to avoid and recover any and all Fraudulent Transfers made, and the Trustee reserve all rights to amend or supplement this Complaint.

## COUNT I

**AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548**

36. The Trustee incorporates all preceding paragraphs by reference as if fully set forth herein.

37. The Trustee is entitled to avoid the Section 548 Fraudulent Transfers pursuant to 11 U.S.C. § 548.

38. The Section 548 Fraudulent Transfers were made by the Debtor to or for the benefit of the Defendants.

39. Upon information and belief, the Section 548 Fraudulent Transfers were with actual intent to hinder, delay, or defraud an entity or entities to which the Debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

40. The Debtor received less than a reasonably equivalent value in exchange for the Section 548 Fraudulent Transfers.

41. The Debtor was insolvent on the dates that the Section 548 Fraudulent Transfers were made or became insolvent as a result of such transfers.

42. At the time of the Section 548 Fraudulent Transfers, the Debtor was engaged in business or a transaction, or about to engage in business or a transaction, for which any property remaining with such Debtor was an unreasonably small and/or at the time of such Section 548 Fraudulent Transfers, Debtor intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

43. Accordingly, the Transfers are avoidable under § 548 of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests that this Court enter an order avoiding each of the Transfers pursuant to 11 U.S.C. § 548, and enter judgment thereon in the amount of the avoided Transfers, and grant such other and further relief as this Court deems just and proper.

## COUNT II

### VIOLATION OF THE PENNSYLVANIA UNIFORM FRAUDULENT TRANSFER ACT, 12 Pa. C.S.A. § 5101 *et seq.*, APPLICABLE IN BANKRUPTCY PURSUANT TO 11 U.S.C. § 544(b)(1)

44. The Trustee incorporates all preceding paragraphs by reference as if fully set forth herein.

45. Pursuant to Section 544(b)(1) of the Code, the Trustee may avoid any transfer of an interest of the Debtor in property or any other obligation incurred by the Debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under § 502 of the Code or that is not allowable only under § 502(e) of the Code.

46. Under the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa. C.S.A. §§ 5101 *et seq.* (the "PUFTA") a transfer made or an obligation incurred by a debtor is fraudulent as to a present or future creditor if the debtor made the transfer or incurred the obligation with the actual intent to hinder, delay or defraud any creditor of the debtor. *See* 12 Pa. C.S.A. § 5104(a)(1).

47. Under the PUFTA, a transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfers or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; and/or (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the Debtor's ability to pay as they became due.

48. It is believed and therefore averred that the Debtor was insolvent at that time or the Debtor became insolvent as a result of the transfer or obligation. *See* 12 Pa. C.S.A. § 5105.

49. Upon information and belief, the State Law Fraudulent Transfers were made with the actual intent to hinder, delay, and/or defraud creditors, and the bankruptcy estate, and/or with "constructive fraud" within the meaning of the PUFTA

50. Alternatively, upon information and belief, the State Law Fraudulent Transfers were made without receiving a reasonably equivalent value in exchange for the transfer.

51. Upon information and belief, Debtor was insolvent at the time of the State Law Fraudulent Transfers or became insolvent as a result of those transfers.

52. By reason of the foregoing, the State Law Fraudulent Transfers are fraudulent (actual fraud) and avoidable pursuant to PUFTA.

53. Additionally or in the alternative, by reason of the foregoing, the State Law Fraudulent Transfers are fraudulent (constructive fraud) and avoidable pursuant to PUFTA.

54. By reason of the foregoing, the State Law Fraudulent Transfers are avoidable by the Trustee pursuant to Section 544(b)(1) of the Code.

55. Pursuant to 11 U.S.C. § 550(a)(1) Trustee is entitled to recover, for the benefit of the estate, the value of the State Law Fraudulent Transfers from the initial transferee.

56. Pursuant to 11 U.S.C. § 550(a)(1), Defendant is the initial transferee for whose benefit said transfers were made and is liable to the Trustee for the value of the State Law Fraudulent Transfers.

57. Defendant is liable to the Trustee in an amount not less than $1,221,805.38.

58. As a direct and proximate result of the conduct described above, present and/or future creditors have suffered damages.

WHEREFORE, the Trustee respectfully requests that this Court determine that the transfer of the Debtor's assets to Defendants are voidable transfers pursuant to the Pennsylvania Uniform Voidable Transaction Act, enter judgment against Defendants for the value of the fraudulently transferred assets, plus interest and costs of suit, set aside said transfer and determine that the estate is the owner of the property; and grant such other and further relief as this Court deems just and proper.

## COUNT III

## BREACH OF FIDUCIARY DUTY

59. The Trustee incorporates all of the allegations in Paragraphs 1 through 56 by reference as though more fully set forth herein.

60. Pennsylvania law provides that directors of a domestic corporation stand in a fiduciary relationship to the corporation. Director of a domestic corporation must perform their duties in good faith, in a manner reasonably believed to be in the best interest of the corporation and with such care, including reasonable inquiry, skill and diligence, as a person of ordinary prudence would use under similar circumstances.

61. Pennsylvania law provides that officers of a domestic corporation shall perform their duties in good faith, in a manner reasonably believed to be in the best interest of the corporation and with such care, including reasonable inquiry, skill and diligence, as a person of ordinary prudence would use under similar circumstances.

62. As described more fully above, the Freed Defendants breached their fiduciary duties to the Debtor.

63. The Freed Defendants breaches of fiduciary duty to the Debtor include, but are not limited to:

   a. Authorizing and distributing the payment of $681,105.30 to P. Freed.

   b. Authorizing and distributing the payment of $470,700.08 to L. Freed.

   c. Authorizing and transferring the ownership of two life insurance policies with a cash surrender value of $70,000 to T. Freed and L. Freed.

   d. Authorizing and allowing Keane to retain equipment and assets in its former warehouse without receiving any consideration as the Debtor.

64. As a direct and proximate result of the Freed Defendants' breaches of their fiduciary duties, the Debtor engaged in imprudent activities, all of which have caused significant losses to the Debtor and its estate.

65. As a result of the Freed Defendants' lack of good faith, lack of loyalty, and lack of due care rising to the level of recklessness, as alleged herein, the business judgment rule provides no protection and/or no defense for the Freed Defendants to the claims set forth in this Count of the Complaint.

66. By reason of the Freed Defendants' misconduct, the Debtor's estate is entitled to recovery of actual, compensatory, and consequential damages from Defendants, jointly and severally.

WHEREFORE, the Trustee respectfully requests that this Court enter judgment in her favor and against the Freed Defendants, and award to the Trustee any and damages, including punitive damages, plus interest and costs of suit, such other and further relief as this Court deems just and proper.

## COUNT IV

### JUDGMENT AGAINST TRANSFEREE PURSUANT TO 11 U.S.C. § 550

67. The Trustee incorporates all preceding paragraphs by reference as if fully set forth herein.

68. The Trustee is entitled to avoid the Fraudulent Transfers pursuant 11 U.S.C. § 548.

69. The Defendants were the initial transferee of the Fraudulent Transfers or the immediate or mediate transferees of such initial transferee or the person for whose benefit the Fraudulent Transfers were made.

70. Pursuant to 11 U.S.C. § 550(a), Trustee is entitled to recover from Defendants all Fraudulent Transfers, plus interest thereon to the date of payment and the costs of this action.

WHEREFORE, the Trustee respectfully requests that this Court enter judgment against the Defendants in the amount of the value of the property received for each of their respective transfers and grant such other and further relief as this Court deems just and proper.

Dated: February 19, 2020

By: */s/ Kerri C. Sturm*
Kirk B. Burkley, Esq., PA ID No. 89511
kburkley@bernsteinlaw.com
Kerri C. Sturm, Esq. PA ID No. 89838
ksturm@bernsteinlaw.com
Arthur W. Zamosky, Esq., PA ID No. 86514

azamosky@bernsteinlaw.com
James M. Berent, Esq., PA ID No. 314617
jberent@bernsteinlaw.com
Pittsburgh, PA 15219
T: (412) 456 – 8100
F: (412) 456 – 8135

*Special Counsel for Chapter 7 Trustee*